EMN:AH
F.#2011R00496

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



- - - - - - - - - - - - - - - - - - - x
                                       :
IN THE MATTER OF AN APPLICATION OF     :    **SUBMITTED UNDER SEAL**
THE UNITED STATES OF AMERICA FOR       :
AUTHORIZATION TO OBTAIN LOCATION DATA  :    AFFIDAVIT IN SUPPORT
CONCERNING MOBILE TELEPHONES ASSIGNED  :    OF APPLICATION
NUMBERS (347) 561-1601 and (646) 309-  :
4362                                   :
                                       :
- - - - - - - - - - - - - - - - - - - x

EASTERN DISTRICT OF NEW YORK, SS:

       I, Wendell Stradford, being first duly sworn, hereby depose and state as follows:

       1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) for information about the location of the cellular telephones assigned call numbers (347) 561-1601 and (646) 309-4362 (the "Target Cell Phones"), whose wireless telephone service providers are Sprint and T-Mobile, respectively (the "Service Providers"). The Target Cell Phones are described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

       2.  I am a First Grade Detective with the New York City Police Department ("NYPD"), Cold Case Homicide Squad. I have been a Detective with the NYPD for approximately twenty-seven years. I have participated in investigations involving

murder and drug trafficking and, among other things, have conducted or participated in surveillances, the execution of search warrants, and debriefings of informants. I have been deputized as a Special Deputy United States Marshal, duly appointed according to law and acting as such. I am, therefore, a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Because the purpose of this affidavit is limited to demonstrating probable cause for the requested warrant, it does not set forth all of my knowledge about this matter. In addition, when I rely on statements made by others, such statements are set forth only in part and in substance unless otherwise indicated.

4. Based on the facts set forth in this affidavit, there is probable cause to believe that the crimes of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846, and murder while engaged in narcotics trafficking, in violation of 21 U.S.C. § 848(e)(1)(A), among others, have been or are about to be committed by Luis Perez ("Perez"). There is also probable cause to believe that

Perez has used, and is currently using, the Target Cell Phones. There is, therefore, probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations, and will lead to, among other things, the identification of individuals who are engaged in the commission of these offenses.

**PROBABLE CAUSE**

5. A cooperating witness ("CW#1") has provided the following information to law enforcement agents[1]:

   a. Luis Perez ("Perez") is the holder of the Target Cell Phones and regularly uses the Target Cell Phones. Perez resides in Brooklyn, New York.

   b. On or about July 17, 2011, Perez advised CW#1 that he received approximately one kilogram of heroin from a supplier with whom he had engaged in a previous drug transaction.

   c. According to CW#1, Perez further advised that he provided a portion of the heroin he received to John Doe to sell. Perez explained to CW#1 that, after he supplied heroin to John Doe, John Doe disappeared and failed to provide Perez with the funds from the sale.

---

[1] Information provided by CW#1 has been corroborated by, among other things, information provided by other witnesses, documentary records and a consensual recording.

        d.    Perez further advised CW#1 that, because John Doe failed to pay Perez for the heroin Perez provided to John Doe, Perez intends to murder John Doe.

        e.    Perez further advised CW#1 that John Doe was fired within the past week from his job at the "Nicholas" location of a company called "Osborne Associates." Subsequent inquiry confirms that one male was fired from that location of the company within the past week.

        f.    On or about July 19, 2011, Perez told CW#1 that he planned to go pick up a gun to be used to murder John Doe. Shortly thereafter, the NYPD seized the car Perez had been driving based on improper registration, among other violations. The NYPD determined that Perez was in possession of $800 at the time the car was seized.

        g.    In the past week, CW#1 has witnessed Perez using one of the Target Cell Phones (telephone number (347) 561-1601) to speak with John Doe on multiple occasions.

        6.    Based on the facts described above in paragraph 5, among other facts known to law enforcement agents, on or about July 19, 2011, the NYPD obtained certain GPS location information with respect to the Target Cell Phones from the Service Providers based on an affirmation that exigent circumstances involving threat of death existed. The provision of location information pursuant to the affirmation is set to expire this evening.

4

7. In my training and experience, I have learned that the Service Providers are companies that provide cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as tower/face information or cell tower/sector record. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the cell towers (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the sector (i.e., 120-degree face of the tower) to which the telephone connected during a call. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

8. Based on my training and experience, I know that the Service Providers can collect E-911 Phase II data about the locations of the Target Cell Phones by, <u>inter alia</u>, initiating a signal to determine the locations of the Target Cell Phones on the Service Provider's networks or with such other reference points as may be reasonably available.

9. Based on my training and experience, I know that the Service Providers can collect cell-site data about the Target Cell Phones.

**AUTHORIZATION REQUEST**

10. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

11. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrants has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of either warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscribers or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such disclosure would give Perez an opportunity to destroy evidence, harm or threaten

6

victims or other witnesses, including CW#1, change patterns of behavior, notify confederates, and flee from and evade prosecution. Moreover, to the extent that the warrants authorize the seizure of any tangible property, any wire or electronic communication (as defined in 18 U.S.C. § 2510), or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.

12. I further request that the Court direct the Service Providers to disclose to the government any information described in Attachment B that is within the Service Providers' possession, custody, or control. I also request that the Court direct the Service Providers to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Providers' services, by, <u>inter alia</u>, initiating a signal to determine the locations of the Target Cell Phones on the Service Providers' networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Providers for reasonable expenses incurred in furnishing such facilities or assistance.

13. I further request that the Court authorize execution of the warrants at any time of day or night, owing to

7

the potential need to locate the Target Cell Phones outside of daytime hours.

14. I further request that the Court order that all papers in support of this application, including the affidavit and search warrants, be sealed until further order of the Court because these documents discuss an ongoing criminal investigation and disclosure of this application and these orders would seriously jeopardize the ongoing investigation, including, among other things, by providing Perez with notice of the investigation and an opportunity to destroy evidence and harm or threaten victims and witnesses.

Dated:    Brooklyn, New York
          July 21, 2011

_____
Wendell Stradford
Special Deputy U.S. Marshal

Sworn to before me the 21st day of July, 2011

    s/James Orenstein
_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

**ATTACHMENT A**

Property To Be Searched

1. The cellular telephones assigned call numbers (347) 561-1601 and (646) 309-4362 (the "Target Cell Phones"), whose telephone service providers are Sprint and T-Mobile, respectively, wireless telephone service providers.

2. Information about the location of the Target Cell Phones that is within the possession, custody, or control of Sprint and T-Mobile, including information about the location of the cellular telephones if either or both of the Target Cell Phones is subsequently assigned a different call number.

**ATTACHMENT B**

Particular Things to be Seized

All information about the location of the Target Cell Phones described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phones" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data derived from cell towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., 120-degree face of the towers) receiving a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint or T-Mobile (the "Service Providers"), the Service Providers are required to disclose the Location Information to the government. In addition, the Service Providers must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Providers' services, including by initiating a signal to determine the location of the Target Cell Phones on the Service Providers' network or with such other reference points as may be reasonably available, and at such intervals and times directed by

the government. The government shall compensate the Service Providers for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. See 18 U.S.C. § 3103a(b)(2).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -x  

IN THE MATTER OF AN APPLICATION OF     :
THE UNITED STATES OF AMERICA FOR       :   SEALED ORDER
AUTHORIZATION TO OBTAIN LOCATION DATA  :
CONCERNING MOBILE TELEPHONES ASSIGNED  :
NUMBERS (347) 561-1601 and (646) 309-  :
4362                                   :
                                       x

- - - - - - - - - - - - - - - - - - -

EASTERN DISTRICT OF NEW YORK, SS:

Application having been made by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing a Special Deputy United States Marshal to ascertain the physical location of the mobile telephones assigned numbers (347) 561-1601 and (646) 309-4362, with service provided by Sprint and T-Mobile, respectively (the "Target Cell Phones"), including but not limited to E-911 Phase II data (or other precise location information) concerning the Target Cell Phones (the "Location Information"), for a period of 30 days;[1]

The Court finds that there is probable cause to believe that the Location Information will constitute or lead to evidence of violations of 21 U.S.C. § 846 and 21 U.S.C. § 848(e)(1)(A), among other federal statutes. The Court also finds that there is

---

[1] The Target Cell Phones are described herein and in Attachment A, and the location information to be seized is described herein and Attachment B.

reasonable cause to believe that providing immediate notification of the execution of the warrant may seriously jeopardize an ongoing investigation. Furthermore, the execution of this warrant will not result in the seizure of any tangible property or any wire or electronic communication (as defined in 18 U.S.C. § 2510). To the extent that the warrant authorizes the seizure of any stored wire or electronic information, that seizure is expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that law enforcement officers, beginning at any time within ten days of the date of this Order and for a period not to exceed 30 days, may obtain the Location Information concerning the Target Cell Phones, with said authority to extend to any time of the day or night as required, including when the Target Cell Phones leave the Eastern District of New York; all of said authority being expressly limited to ascertaining the physical location of the Target Cell Phones and expressly excluding the contents of any communications conducted by the user(s) of the Target Cell Phones.

It is further ORDERED that Sprint and T-Mobile (the "Service Providers") assist law enforcement by providing all information, facilities and technical assistance needed to ascertain the Location Information, including by initiating a

signal to determine the location of the Target Cell Phones on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of interference with such services as the service provider accords the user(s) of the Target Cell Phones.

It is further ORDERED that the government compensate the Service Providers for reasonable expenses incurred in complying with any such request.

It is further ORDERED that the Court's Order and the accompanying Affidavit submitted in support thereof be sealed until further Order of the Court, except that copies of the Court's Order in full or redacted form may be maintained by the United States Attorney's Office, and may be served on law enforcement officers, and other government and contract personnel acting under the supervision of such law enforcement officers, and the service provider as necessary to effectuate the Court's Order.

It is further ORDERED that this warrant be returned to the issuing judicial officer within 14 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED that the Service Providers, their affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

It is further ORDERED that this Order apply to any changed mobile telephone number subsequently assigned to the Target Cell Phones within the period of this Order.

Dated:   Brooklyn, New York
         July 2͟, 2011

                                    s/James Orenstein
                                    _____
                                    UNITED STATES MAGISTRATE JUDGE
                                    EASTERN DISTRICT OF NEW YORK

4

## ATTACHMENT A

### Property To Be Searched

1. The cellular telephones assigned call numbers (347) 561-1601 and (646) 309-4362 (the "Target Cell Phones"), whose telephone service providers are Sprint and T-Mobile, respectively, wireless telephone service providers.

2. Information about the location of the Target Cell Phones that is within the possession, custody, or control of Sprint and T-Mobile, including information about the location of the cellular telephones if either or both of the Target Cell Phones is subsequently assigned a different call number.

**ATTACHMENT B**

<u>Particular Things to be Seized</u>

All information about the location of the Target Cell Phones described in Attachment A for a period of thirty (30) days, during all times of day and night. "Information about the location of the Target Cell Phones" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data derived from cell towers (<u>i.e.</u>, antenna towers covering specific geographic areas) and sectors (<u>i.e.</u>, 120-degree face of the towers) receiving a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint or T-Mobile (the "Service Providers"), the Service Providers are required to disclose the Location Information to the government. In addition, the Service Providers must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Service Providers' services, including by initiating a signal to determine the location of the Target Cell Phones on the Service Providers' network or with such other reference points as may be reasonably available, and at such intervals and times directed by

the government. The government shall compensate the Service Providers for reasonable expenses incurred in furnishing such facilities or assistance.

To the extent that the Location Information includes tangible property, wire or electronic communications (as defined in 18 U.S.C. § 2510), or stored wire or electronic information, there is reasonable necessity for the seizure. See 18 U.S.C. § 3103a(b)(2).